SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NEW PENN FINANCIAL dba SHELLPOINT MORTGAGE
SERVICING; AND DOES 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLE ANDERSON AND ELLA M. ANDERSON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 27 2018

Sherri R. Carter, Executive Officer/Clerk
By: Candice S. Calagna, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* POMONA COURTHOUSE SOUTH<br>400 CIVIC CENTER PLAZA<br>POMONA, CA 91766 | *(Número del Caso):*<br>KC070076 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Jamie Wright/8939 S. Sepulveda Blvd., Suite 102, Los Angeles, CA 90045/ (866) 731-7505

| DATE: FEBRUARY 27, 2018 | SHERRI R. CARTER Clerk, by | CANDICE S. CALAGNA | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* New Penn Financial dba Shellpoint mortgage Servicing

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMIE WRIGHT    SBN264484.<br>LAW OFFICES OF JAMIE WRIGHT<br>8939 S. SEPULVEDA BLVD., SUITE 102<br>LOS ANGELES, CA 90045 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>FEB 27 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Candice S. Calagna, Deputy |

TELEPHONE NO.: (866) 731-4505    FAX NO.: (866) 731-4505
ATTORNEY FOR *(Name):* Willie Anderson and Ella M. Anderson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 CIVIC CENTER PLAZA
MAILING ADDRESS: 400 CIVIC CENTER PLAZA
CITY AND ZIP CODE: POMONA, CA 91766
BRANCH NAME: POMONA COURTHOUSE SOUTH

CASE NAME:
Willie Anderson, et al v. New Penn Financial, LLC, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: KC070076 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: FEBRUARY 27, 2018
JAMIE WRIGHT
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Anderson, et al v. New Penn Financial, et al | CASE NUMBER KC070076 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Anderson, et al v. New Penn Financial, et al | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☑ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Anderson, et al v. New Penn Financial, et al | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Anderson, et al v. New Penn Financial, et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☑ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br> 858 Hyde Avenue |
|---|---|
| CITY: <br> Pomona | STATE: CA | ZIP CODE: 91767 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___East Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 27, 2018

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ KC070076

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Dan T. Oki | J | 418 | | Robert A. Dukes | O | 543 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 309 | Supervising Judge CCW |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___FEB 2 7 2018___
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____CANDICE S. CALAGNA_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

*Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**JAMIE WRIGHT   SBN264484**
LAW OFFICES OF JAMIE WRIGHT
8939 S. Sepulveda Blvd., Suite 102
Los Angeles, CA  90045
Tel: (866) 731-4505
Fax: (866) 731-4505
Email:  jwright@jamiewrightlawfirm.com

Attorney for Plaintiffs Willie Anderson v. Ella M. Anderson

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 27 2018

Sherri R. Carter, Executive Officer/Clerk
By: Candice S. Calagna, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

## POMONA COURTHOUSE SOUTH

| | |
|---|---|
| WILLIE ANDERSON AND ELLA M. ANDERSON<br><br>Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORTGAGE SERVICING; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.   **KC070076**<br><br>COMPLAINT FOR:<br>1. VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §1788, ET SEQ.<br>2. VIOLATIONS OF CALIFORNIA CIVIL CODE §2924.17<br>3. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 |

COMES NOW Plaintiffs, WILLIE ANDERSON and ELLA M. ANDERSON ("Plaintiff" or "ANDERSON"), files this Complaint against Defendant NEW PENN FINANCIAL dba SHELLPOINT MORTGAGE SERVICING, hereinafter referred to as SHELLPOINT, in the capacity as the purported mortgage loan servicer of Plaintiff's debt obligation, complains, pleads and alleges as follows:

## I.   **INTRODUCTION**

This case arises out of Defendant's violations of the California Rosenthal Fair Debt

1

COMPLAINT

Collections Act, hereinafter referred to as "Rosenthal FDCPA or "Rosenthal Act". *Section 1788.17* was added to the Rosenthal FDCPA to incorporate "the remedies" and certain other obligations under the Federal FDCPA's *sections 1692b through 1692j*. The Rosenthal FDCPA now includes and incorporates the obligations under those portions of the FDCPA addressing (1) "acquisition of location information", (2) "communications with the debtor and third parties, (3) "harassing and abusive collection activities", (4) "false and misleading" representations, (5) "unfair collection practices", (6) "validation of debts", and (7) furnishing of deceptive collection forms".

## II.   STATEMENT OF JURISDICTION

Pursuant to *Code of Civil Procedure Section 392(a)*, venue is proper in Los Angeles County because the subject real property is in Los Angeles County. Further, the events and transactions occurred within Los Angeles County. This Court has proper subject matter Jurisdiction over the within action as the real property, the subject of instant action, is so situated and physically located within this California Superior Court's Judicial District.

## III.   SUBJECT REAL PROPERTY AT ISSUE

The Real Property (herein after referred to as "Subject Property"), the subject of any and all claims of any of the Parties hereto, and which is the subject of instant action, and that of which Plaintiff prays for a Decree and/or Order thereto. The Subject Property address and legal description is as follows: 858 Hyde Ave, Pomona, CA 91767. More particularly, the legal description of this property is:

LOT(S) 297 OF TRACT NO. 20848, IN THE CITY OF POMONA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 572, PAGE(S) 2 TO 8 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID

COMPLAINT

COUNTY.

Assessor's Parcel No: 8317-015-016.

## IV.   IDENTITY OF PARTIES

Plaintiffs are informed and believes, and thereon alleges, that at all times relevant hereto Defendant, NEW PENN FINANCIAL dba SHELLPOINT MORTGAGE SERVICING is a registered Delaware mortgage institution licensed to do business in the State of California, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District.

Plaintiffs are unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names DOES 1 to 10, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiffs is unable to allege the elements of such Cause of Action, at this time, and as such said Defendant are herein named in accordance with the provisions of (*Cal Code of Civil Procedure Sec. 474*).  Plaintiffs thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendant when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

Plaintiffs are informed and believes and thereon alleges, that in committing certain acts alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such

3

COMPLAINT

Defendants, as complained of herein, was within the course and scope and agency of such relationship.

At all times mentioned in this Complaint, Plaintiffs WILLIE ANDERSON and ELLA M. ANDERSON are consumers residing in the County of Los Angeles and are the owners of that certain Subject Property.

Plaintiffs, as natural persons, allegedly obligated to pay a consumer debt to Defendant alleged to have been due and owing, is therefore both "consumers" and/or "debtors" pursuant to California *Civil Code §1788.2(h)* of the Rosenthal FDCPA.

Plaintiffs had taken out a loan with Countrywide Home Loans that placed a collateral security interest upon their home and Plaintiffs took this loan out for personal, family, or household purposes and is therefore a "debt" pursuant to California *Civil Code §1788.2(d)* of the Rosenthal Act.

Plaintiffs allege Defendants are attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of California *Civil Code §1788.2(e)* of the Rosenthal FDCPA.

Because Plaintiffs are natural persons allegedly obligated to pay money to Defendant arising from what Plaintiffs are informed and believes was a consumer credit transaction, the money allegedly owed is a "consumer debt" within the meaning of California *Civil Code §1788.2(f)* of the Rosenthal FDCPA.

Plaintiffs are informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, or due or alleged to be due and owing to others, and is therefore a "debt collector" within the meaning of California *Civil Code §1788.2(c)*

of the Rosenthal FDCPA and thereby engages in "debt collection" within the meaning of

California *Civil Code §1788.2(b)* of the Rosenthal Act, and is also therefore, a "person" within

the meaning of California *Civil Code §1788.2(g)* of the Rosenthal Act.

## V.    FACTUAL ALLEGATIONS

On July 15, 2005, Plaintiffs entered into a consumer loan transaction with Countrywide

Home Loans, the "creditor" and originator.  This financial obligation involved money, property,

or their equivalent, which is due or owing, or alleged to be due or owing, from natural persons to

another persona and is therefore a "debt" pursuant to California *Civil Code §1788.2(d)*, and a

"consumer debt" pursuant to California *Civil Code §1788.2(f)*.

In 2010, Plaintiffs experienced financial hardships and a decrease in income that led to

them being unable to make the scheduled payments and fell into default.  Plaintiffs last made a

payment in December of 2010.  Since that time, the debt has been transferred to several different

mortgage loan servicers.

On October 26, 2016, a Notice of Default, hereinafter referred to as NOD, was filed

against Plaintiffs' Property due to Plaintiffs failure to make a payment.  Soon after the NOD was

filed, the servicing of Plaintiffs' debt was transferred to Defendant SHELLPOINT.

On or about December 16, 2016, Defendant SHELLPOINT informed Plaintiffs that they

were the new mortgage servicers of their debt.  At the time of the debt was transferred to

SHELLPOINT, the debt remained in default and due for the January 1, 2011 payment.  Plaintiffs

have not paid or arranged to make the debt current.  See attached **Exhibit "A"**.

On January 5, 2018, due to failure to pay the alleged debt, Defendant SHELLPOINT

caused to be recorded against Plaintiffs' Property a Notice of Trustee's Sale, hereinafter referred

to as NOTS.  Plaintiffs' allege Defendant is seeking to exercise the power of sale contained in

Plaintiffs' Deed of Trust without the legal right or authority to do so in violation of *15 U.S.C. section 1692f(6)*. Plaintiffs allege Defendant SHELLPOINT and their agent are not creditors but debt collectors because they acquired the servicing and/or a purported interest in Plaintiffs' debt when the debt was in default.

Plaintiffs allege that in California only the "creditor" may initiate and complete a foreclosure action. Plaintiffs allege that Defendant SHELLPOINT is a debt collector who acquired the servicing of Plaintiffs alleged debt when the default was in default and remains in default.

On January 20, 2018, Plaintiffs sent Defendant a Debt Validation letter requesting that Defendants verify and validate the debt they were attempting to collect. Defendants failed to respond to Plaintiffs' request.

Plaintiffs allege Defendants are falsely representing that they are agents of Plaintiffs' true beneficiary or creditor, are attempting to collect a debt, threatening to take a non-judicial action to dispossess Plaintiffs from their home and are falsely representing that they have the authority from Plaintiffs' beneficiary to service the loan and conduct proceedings.

### FIRST CAUSE OF ACTION – VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODES §1788, ET SEQ.
[Against Defendant Shellpoint and all Doe Defendants]

1. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

2. The Rosenthal Fair Debt Collection Practices Act, California *Civil Code §1788, et seq.* ("Rosenthal Act") was enacted in 1976 and revised in 2000 to ensure the integrity of our banking and credit industry. *Civil Code §1788.1(a)(1)*. The Legislature found: "Unfair or deceptive debt

6

COMPLAINT

collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." *Id.*

3.  Defendant is a "debt collector" within the meaning of *Civil Code §1788.2(c)*, in that they regularly and in the ordinary course of business, on behalf of themselves or others, are engaging in acts and practices in connection with the collection of consumer debts, and Defendant is not an attorney nor counselor at law.

4.  Plaintiffs are "debtors" within the meaning of *Civil Code §1788.2(h)*, in that they are natural persons from whom the Defendant is seeking to collect a consumer debt alleged to be due and owing.

5.  The purported debt which Defendants are attempting to collect from Plaintiffs is a "consumer debt" within the meaning of *Civil Code §1788.2(f)*, in that it incurred primarily for personal, family, or household purposes.

6.  Defendants hare violating the Rosenthal Act, including *Civil Code §1788.17* for applicable FDCPA violations, more specifically they are attempting to collect a debt that is statutorily barred by operating of law, threatening to take a nonjudicial action to dispossess Plaintiffs from their residence, falsely representing to Plaintiffs that they are Plaintiffs' true creditors, and falsely representing to Plaintiffs that they have the legal right and authority to proceed with a nonjudicial action when they do not.

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE CALIFORNIA CIVIL CODE §2924.17
[Against Defendant Shellpoint and all Doe Defendants]

7.  Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

8.  The California HBOR consists of a series of related bills including two identical bills

7

COMPLAINT

that were passed on July 2, 2012 by the state Senate and Assembly.  Both of these bills ultimately give rights back to borrowers and create a system in which banks must be held accountable for pursuing their own interests above the borrowers.

9.  Defendant is in violation of California HBOR (AB 278/SB 900).  The law prohibits recording "robodocs" on ALL mortgage-related notices of default and support declarations, notices of sale, assignments of deed of trust, and substitutions of trustee recorded in connection with a non-judicial foreclosure, as well as declarations filed in court with respect to any foreclosure proceeding.  Documents must be accurate, complete and supported by competent and relevant evidence.  Defendant has violated the notice by not complying with *Civil Code §2924.17*.  Defendants have failed to provide competent and relevant support to their authorization to proceed with a non-judicial action against Plaintiffs' Property as debt collectors.

10.  The law under California HBOR forbids an entity from initiating and/or proceeding with a non-judicial foreclosure **unless** it is the holder of the beneficial interest under the deed of trust, the original or properly substituted trustee under the deed of trust, or designated agent of the holder under the deed of trust, *California Civil Code § 2924(a)(6)*.  Plaintiffs contend that Defendant is not a creditor with the power to enforce the power of sale contained in their Deed of Trust and are violating *15 U.S.C. §1692f(6)* by threatening to take a nonjudicial action that is prohibited for them to take.

11.  Defendant has failed to provide an adequate chain of title that would demonstrate their authority to proceed with a non-judicial foreclosure despite Plaintiffs' request to provide such documentation and their failure to provide competent and relevant evidence to support the accuracy of their recorded documents.  Copies of loan documents are insufficient.

12.  The law further affords a right to cure violations up to a foreclosure sale but Defendant

8

COMPLAINT

has failed to correct any "Material Violations". Pursuant to the law, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent can avoid liability for any violation that it has corrected and remedied directly or through a third-party contractor prior to recordation of a Trustee's Deed Upon Sale.

13. The law affords a private right of action for Borrowers to seek a court injunction for a material violation of provisions up until a foreclosure sale is completed and may seek attorney's fees. The law under California HBOR forbids an entity from initiating and/or proceeding with a non-judicial foreclosure unless it is the holder of the beneficial interest under the deed of trust, the original or properly substituted trustee under the deed of trust, or designated agent of the holder under the deed of trust, *California Civil Code §2924(a)(6)*.

### THIRD CAUSE OF ACTION – VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.
[Against Defendant Shellpoint and Doe Defendants]

14. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

15. California *Business & Professions Code § 17200, et. seq.*, prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice..." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of *Section 17200*.

16. California *Business & Professions Code § 17200, et. seq.* provides that a Court may order injunctive relief and restitution to affected members of the general public to remedy violations.

17. Defendant is subject to the laws of the State of California in connection with their activities within California.

18. Defendants have committed unlawful, unfair, or fraudulent acts or practices engaging

9

COMPLAINT

in the business of debt collection. The acts and practices are likely deceive the general public as to their legal rights and obligations with respect to the collection of debts.

19. As more particularly described above, the following acts or practices, separately, together, or in combination, constitute "unfair or deceptive acts or practices," which may be prohibited and enjoined, pursuant to *Business and Professions Code sections 17200* and *17203*:

a. The violations of law alleged in the First and Second Claims;

b. Defrauding others of money and/or real property by knowingly and designingly making false representations or pretenses (California *Penal Code §484(a)*);

c. Acting as beneficiaries and trustees without the legal authority to do so;

d. Executing, manufacturing, creating and recording false, fraudulent, forged and misleading deeds, assignments, notice of sale/default documents; and;

e. Ignoring Borrowers' Qualified Written Request and Borrowers' demand to produce the original Promissory Note or comply with Borrowers' request for an accounting of all proceeds/payments involved with Borrowers' loan;

f. Treating borrower as in default on their loans even though the borrowers are under no obligation to make payments to Defendants, or have otherwise complied with mortgage requirements or California law;

g. Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

h. Seeking to collect and collecting various improper fees, costs and charges that are either not legally due under the mortgage contract or California law, or that are in excess of amounts legally due;

i. Failing to provide adequate statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

j. Instituting improper or premature foreclosure proceedings to generate unwarranted fees.

20. Defendant has failed to act in good faith as they took and charged fees for services but have not render them competently in compliance with applicable law.

21. Defendant has engaged in a uniform pattern and practice of unfair and over-aggressive servicing that resulted in the assessment of unwarranted and unfair fees against California consumers, and premature default resulting in unfair and illegal foreclosure proceedings. The scheme implemented by Defendant was designed to defraud not just Plaintiffs but all California consumers and enrich Defendant.

22. The foregoing acts and practices have caused substantial harm to not only Plaintiffs but to all its California consumers and to all California taxpayers.

23. Pursuant to *Business and Professions Code sections 17203* and *17204*, Plaintiffs are empowered to act as a private attorney general to enjoin such conduct.

24. Defendant sued herein has engaged and are still engaging in unfair competition by, among other things, doing those things described above. This conduct is unlawful, unfair, or deceptive, and thus constitutes unfair competition.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays the Court for relief as follows:

1. On the First Claim for violating the California Rosenthal Fair Debt Collection Practices Act, pursuant to California *Civil Code §1788.30*, an award of actual and statutory, compensatory, and punitive damages, costs and reasonable attorney's fees;

2.  On the Second and Third Claims for an award of compensatory and punitive damages, and injunctive relief;

3.  On the Third Claim for Injunctive Relief under California Business and Professions Code, an order enjoining Defendant and their employees and agents from engaging in further violations of the statutes referenced, and from doing the acts which are considered unfair and/or deceptive by the allegations in this claim; all orders necessary to enforce such injunctions; and an aware of attorney's fees, pursuant to California *Code of Civil Procedure §1021.5*;

4.  For an Order declaring Defendant, its successors and/or assigns, its agents, or employees have no pecuniary, economic, or beneficial rights to Plaintiffs' alleged debt.

5.  For such other further relief as the Court deems just and proper.


Respectfully submitted by:

**LAW OFFICES OF JAMIE WRIGHT**

Jamie Wright
Attorney for Plaintiffs Willie Anderson and
Ella M. Anderson

12

COMPLAINT

**VERIFICATION**

We, Willie Anderson and Ella M. Anderson, individuals, are the Plaintiffs in the above-entitled action. We have read the foregoing complaint and know the contents thereof. The same is true of our own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, we believe it to be true.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Pomona, California on February 27, 2018.


_Willie Anderson_
Willie Anderson
Plaintiff


_Ella M. Anderson_
Ella M. Anderson
Plaintiff

13

COMPLAINT

2/25/2018                                    Customer Service Portal

**Past Due**

| | |
|---|---|
| Total Payments: | $194,366.14 |
| Late Fees: | $3,235.05 |
| NSF Fees: | $0.00 |
| Other Funds Due: | $0.00 |
| Reserve Payment Due: | $0.00 |
| Default Interest Due: | $0.00 |
| Legal Fees Due: | $250.00 |
| Other Fees Due: | $5,971.95 |
| Assistance Due (-): | $0.00 |
| Total Past Due: | $200,588.09 |

Make a Payment

Loan Details

Mortgage Help

Statements

FAQs

Contact Us

**Our commitment**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

2/25/2018

Customer Service Portal

| Transaction Date | Due Date | Transaction Amount | Description | Principal Amount | Interest Amount | Escrow Amount | Late Charge Amount | Principal Balance | Escrow Balance |
|---|---|---|---|---|---|---|---|---|---|
| 02/08/2018 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 02/02/2018 | 01/01/2011 | -$350.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 01/25/2018 | 01/01/2011 | $30.00 | Other Fee Payment | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 01/04/2018 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 01/04/2018 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 01/04/2018 | 01/01/2011 | -$30.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 12/01/2017 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$24,389.19 |
| 11/09/2017 | 12/10/2017 | -$1,186.79 | Tax Bill 1 Disbursement | $0.00 | $0.00 | -$1,186.79 | $0.00 | $264,161.82 | -$24,389.19 |
| 11/06/2017 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$23,202.40 |
| 11/03/2017 | 12/02/2017 | -$1,291.56 | Insurance Premium Disbursement | $0.00 | $0.00 | -$1,291.56 | $0.00 | $264,161.82 | -$23,202.40 |
| 10/05/2017 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$21,910.84 |
| 09/12/2017 | 01/01/2011 | -$250.00 | Legal Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$21,910.84 |
| 07/10/2017 | 01/01/2011 | -$350.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$21,910.84 |
| 06/12/2017 | 01/01/2011 | -$13.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$21,910.84 |
| 05/22/2017 | 01/01/2011 | -$15.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$21,910.84 |
| 05/17/2017 | 05/01/2017 | -$92.43 | Late Charge Assess | $0.00 | $0.00 | $0.00 | -$92.43 | $264,161.82 | -$21,910.84 |
| 04/18/2017 | 04/01/2017 | -$92.43 | Late Charge Assess | $0.00 | $0.00 | $0.00 | -$92.43 | $264,161.82 | -$21,910.84 |
| 04/13/2017 | 01/01/2011 | -$15.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$21,910.84 |
| 03/20/2017 | 04/10/2017 | -$1,128.20 | Tax Bill 2 Disbursement | $0.00 | $0.00 | -$1,128.20 | $0.00 | $264,161.82 | -$21,910.84 |
| 03/17/2017 | 03/01/2017 | -$92.43 | Late Charge Assess | $0.00 | $0.00 | $0.00 | -$92.43 | $264,161.82 | -$20,782.64 |
| 03/15/2017 | 01/01/2011 | -$15.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$20,782.64 |
| 03/10/2017 | 01/01/2011 | -$408.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$20,782.64 |
| 03/10/2017 | 01/01/2011 | -$75.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$20,782.64 |

2/25/2018                                          Customer Service Portal

| Transaction Date | Due Date | Transaction Amount | Description | Principal Amount | Interest Amount | Escrow Amount | Late Charge Amount | Principal Balance | Escrow Balance |
|---|---|---|---|---|---|---|---|---|---|
| 02/20/2017 | 01/01/2011 | -$15.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$20,782.64 |
| 02/17/2017 | 02/01/2017 | -$92.43 | Late Charge Assess | $0.00 | $0.00 | $0.00 | -$92.43 | $264,161.82 | -$20,782.64 |
| 02/13/2017 | 02/13/2017 | -$899.34 | Addl Ins Premium Disbursement | $0.00 | $0.00 | -$899.34 | $0.00 | $264,161.82 | -$20,782.64 |
| 01/31/2017 | 01/01/2017 | -$92.43 | Late Charge Assess | $0.00 | $0.00 | $0.00 | -$92.43 | $264,161.82 | -$19,883.30 |
| 01/23/2017 | 01/01/2011 | -$15.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$19,883.30 |
| 12/16/2016 | 01/01/2011 | $56.00 | Escrow Only Payment | $0.00 | $0.00 | $56.00 | $0.00 | $264,161.82 | -$19,883.30 |
| 12/15/2016 | 01/01/2011 | -$15.00 | Other Fees Disb | $0.00 | $0.00 | $0.00 | $0.00 | $264,161.82 | -$19,939.30 |

No more to show.

Make a Payment

Loan Details

Mortgage Help

Statements

FAQs

Contact Us