UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

## CIVIL MINUTES - GENERAL

| Case No. | 18-CV-4421 PSG (FFM) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Willie Anderson et al v. New Penn Financial, et al | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

Proceedings (In Chambers):    **The Court GRANTS Defendants' motion to dismiss and DENIES Plaintiffs' motion to remand**

Before the Court is Defendants New Penn Financial, LLC and Bank of New York Mellon's ("Defendants") motion to dismiss Plaintiffs Willie Anderson and Ella Anderson's ("Plaintiffs") complaint. *See* Dkt. # 9 ("*MTD*"). Plaintiffs have not opposed. Also before the Court is Plaintiffs' motion to remand. *See* Dkt. # 11 ("*Remand Mot.*"). Defendants opposed, *see* Dkt. # 13 ("*Remand Opp.*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Plaintiffs' motion to remand.

I.    Background

Plaintiffs own the property located at 858 Hyde Ave., Pomona, CA 91767 ("the Property"). *See* Dkt. # 1-3, *First Amended Complaint* ("*FAC*") 3. To purchase the Property, they took out a loan with Countrywide Home Loans on July 15, 2005. *Id.*, pg. 7. The Deed of Trust ("DOT") on the Property was recorded on July 25, 2005. *See* Dkt. # 10, *Request for Judicial Notice* ("*RJN*"), Ex. A. In 2010, Plaintiffs experienced financial hardship, and stopped paying down the loan. *FAC* 7. Plaintiffs last made a payment in December of 2010, nearly eight years ago. *Id.*

On February 15, 2013, an Assignment of the DOT to the Bank of New York Mellon (F/K/A the Bank of New York) was recorded. *See RJN*, Ex. B. On October 26, 2016, a Substitution of Trustee was recorded, naming T.D. Service Company as the Trustee. *Id.* Ex. C. T.D. Service Company then recorded a Notice of Default ("NOD") on the same day. Plaintiffs allege that on or about December 16, 2016, Shellpoint informed Plaintiffs that it was the new mortgage servicer of their loan and that the loan was still in default. *FAC* 7. Thereafter, another Substitution of Trustee was recorded on January 5, 2018, naming Zieve, Brodnax & Stelle, LLP

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-4421 PSG (FFM) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Willie Anderson et al v. New Penn Financial, et al | | |

("Zieve") as the Trustee. *See RJN* Ex. E. Zieve then recorded a Notice of Trustee's Sale on January 5, 2018. *See RJN* Ex. F; *FAC* 8. On March 1, 2018, a nonjudicial foreclosure took place on the Property and a Trustee's Deed Upon Sale was recorded on March 19, 2018. *FAC* 8.

Plaintiffs initiated this suit in Los Angeles County Superior Court, subsequently amending their complaint and asserting eight causes of action against Defendants arising from the events surrounding the foreclosure sale: (1) violation of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq; (3) violation of California Civil Code § 2924.17 and 2924(a)(6); (4) wrongful foreclosure; (5) cancellation of instruments; (6) intentional infliction of emotional distress; (7) violation of California Business and Professions code §17200; and (8) injunctive relief under California Business & Professions Code §17200. *See* Dkt. # 1-3, *First Amended Complaint* ("*FAC*"). Defendants then removed the action to this Court, and moved to dismiss. *See* Dkt. # 1, *Notice of Removal*; *MTD*. Plaintiffs also now move to remand the action back to state court. *See Remand Mot.*

II.    Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). A case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.    Discussion

A.    Plaintiffs' Motion to Remand

Plaintiff moves the Court to remand the action because Plaintiffs' FAC contains only one federal cause of action, the FDCPA claim. *Remand Mot.* 6. Plaintiffs note that "it was only after Plaintiffs filed their FAC and added a violation under the FDCPA did Defendants remove the

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-4421 PSG (FFM) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Willie Anderson et al v. New Penn Financial, et al | | |

case . . . The FDCPA cause of action is the only cause of action that invokes federal question jurisdiction." *Id*. Indeed, because the FDCPA claim invokes a federal question, the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and Defendants' removal was proper. Plaintiffs suggest, however, that the Court should "dismiss Plaintiff's FDCPA claim without prejudice and allow Plaintiff's case to continue in state court on the remaining state causes of action." *Id*.

As Defendants correctly note, if a claim arising under federal law "existed at the time of removal, which it did here, the federal court has jurisdiction to adjudicate the entire case even if the federal claim is later dropped from the case and only state law claims remain." *Opp*. 4; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 715 (9th Cir. 1990). Defendants argue that "Plaintiffs are in charge of their own complaint and chose to assert the FDCPA federal claim. Only after the matter was removed do Plaintiffs now file this frivolous remand motion and argue that the federal claim can be dismissed so that they can be remanded back to state court." *Opp*. 5. The Court agrees. Plaintiffs' FAC at the time of removal (and now) asserts a federal cause of action, and therefore this Court retains original jurisdiction.

Plaintiff also argues that removal is improper because the amount in controversy is not met. *Remand Mot*. 8. They state that because Defendants filed a motion to dismiss, that "demonstrates their own belief that the amount in controversy is ambiguous and they have not violated any laws that would entitle Plaintiffs to any damages, let alone to the tune of $1,500,000. Defendants cannot have it both ways." *Id*. Putting aside that a defendant denying liability does not negate the amount in controversy for purposes of diversity jurisdiction, Plaintiffs' argument is inapplicable; Defendants' removal was based on federal question jurisdiction, not diversity. *See NOR* at 3.

Accordingly, the Court **DENIES** Plaintiffs' motion to remand.

B.      Defendants' Motion to Dismiss

Pursuant to Local Rule 7-9, Plaintiffs were required to oppose Defendants' motion by July 2, 2018. Because Plaintiffs did not oppose Defendants' motion to dismiss, pursuant to Local Rule 7-12, the Court deems Plaintiffs' failure to file a timely opposition as consent to granting the motion. Accordingly, the Court **GRANTS** Defendants' motion.

IV.      Conclusion

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-4421 PSG (FFM) | Date | July 10, 2018 |
|----------|----------------------|------|---------------|
| Title | Willie Anderson et al v. New Penn Financial, et al | | |

     For the foregoing reasons, Plaintiffs' motion to remand is **DENIED**, and Defendants' motion to dismiss is **GRANTED**, without prejudice.

     **IT IS SO ORDERED.**